```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                  :
KENNETH CRAWFORD
                                  :
     v.                           : Civil Action No. DKC 2004-2485
                                    Criminal No. DKC 2001-0600
                                  :
UNITED STATES OF AMERICA
                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion of Petitioner to vacate, set aside, or correct his sentence, (paper 83).  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the court will deny Petitioner's motion.

**I.   Background**

On December 5, 2001, Petitioner Kenneth Crawford was charged with (1) possession with intent to distribute heroin in violation of 21 U.S.C. § 841; (2) possession with intent to distribute phencyclidine in violation of 21 U.S.C. § 841; (3) conspiracy to distribute more than 100 grams of heroin and phencyclidine in violation of 21 U.S.C. § 846; (4) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c); and (5) being a felon in possession of a firearm in violation of 18 U.S.C. § 924(g).  On June 24, 2002, Petitioner was found guilty on Counts 1 and 3.  The jury determined that the object of the conspiracy under Count 3 was the distribution of

heroin.  The jury was unable to reach a verdict as to the remaining counts.

On September 9, 2002, Petitioner was sentenced to 75 months imprisonment to be followed with six years of supervised release. At the sentencing hearing, Petitioner was represented by Arcangelo Tuminelli, Esq.  Mr. Tuminelli also represented Petitioner at trial, along with Stanley Needleman, Esq.  No specific drug quantity was charged in the indictment.  Mr. Tuminelli asserted that the proper quantity of heroin attributable to Petitioner was 40.76 grams.  The government argued that the proper quantity should be more than 100 grams due to the high purity of the quantity found, which would allow it to be cut twice, yielding a larger quantity.  At sentencing, the quantity attributable to Petitioner was found to be at least 40 grams but less than 60 grams, resulting in a base offense level 20 under the Sentencing Guidelines.  U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(10) (2001).  Six-levels were added to the base offense level, four levels for the high purity of the heroin reflecting the seriousness of Petitioner's conduct, and the remaining two levels for the presence of a firearm which was not improbably connected to the offense.  A criminal history category of II was found to be appropriate, resulting in a guideline sentence range of 70-87 months. *U.S.S.G.* at ch. 5, pt. A, sentencing table (2001).

Petitioner appealed the sentence, challenging both the enhancement for possession of a firearm and the upward departure for the high purity of the heroin.  On September 15, 2003, the Court of Appeals affirmed the sentence, stating this court did not err on either finding under the Guidelines, (paper 87, Ex. B). *United States v. Crawford*, 2003 WL 22119928, at *1, 75 F.App'x 116 (4th Cir. 2003).

On July 28, 2004, Petitioner filed the instant § 2255 motion, claiming Mr. Tuminelli was ineffective at sentencing because he failed to inform the court that (1) the maximum sentence the court can impose is based solely on facts in the jury's findings or admitted by petitioner, and (2) any sentence based on facts outside the jury's findings or those admitted by petitioner violates petitioner's Sixth Amendment right.  (Paper 83, at 5).

**II. Standard of Review**

Title 28 U.S.C. § 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  On the other hand, "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves 'a

fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999) (internal citation omitted). While a *pro se* movant is entitled to have his arguments reviewed with appropriate consideration, *see Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978), if the § 2255 motion, along with the files and records of the case, conclusively shows that he is entitled to no relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255. Furthermore, only issues that have not been waived may be raised:

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. [ ] *Mikalajunas*, 186 F.3d at 492-93 (citations omitted). To establish cause for procedural default based upon ineffective assistance of counsel, petitioners "must show that their attorneys' performance fell below an objective standard of reasonableness and that they suffered prejudice as a result." *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2678, 91 L.Ed.2d 397 (1986);

>    *Strickland v. Washington*, 466 U.S. 668, 687,
>    104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*Leano v. United States*, 334 F.Supp.2d 885, 890 (D.S.C. 2004).

**III. Analysis**

Petitioner asserts that he received ineffective assistance of counsel with respect to his sentencing, in violation of his Sixth Amendment right to competent counsel. According to Petitioner, his attorney, Mr. Tuminelli, was ineffective because he failed to advise the trial court of the sentencing rule described in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

The standards governing constitutionally ineffective assistance of counsel claims are well settled under *Strickland*. To prevail on a claim of ineffective assistance of counsel, Petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, he must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

According to *Strickland*, there exists a strong presumption that counsel's conduct was within a wide range of reasonably

5

professional conduct, and the courts must be highly differential in scrutinizing counsel's performance. *See id*. at 688-89; *Bunch v. Thompson*, 949 F.2d 1354 (4th Cir. 1991). Courts must judge the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted even had the attorney been deficient. *See Strickland*, 466 U.S. at 697.

Petitioner's claim of ineffective counsel is based on an incorrect premise. He mistakenly asserts that the statute under which he was convicted, 21 U.S.C. § 841(b), addresses a statutory maximum "*only* when the conviction specified the drug quantity." (Paper 88, at 6) (emphasis in original). This, according to Petitioner, is significant because a claim is "covered by the holding of *Apprendi* if the relevant 'prescribed statutory maximum' is found in the Sentencing Guidelines rather than on the face of the relevant substantive statute." *United States v. Kinter*, 235 F.3d 192, 200 (4th Cir. 2000). However, that statement in the *Kinter* opinion describes concerns expressed by the dissent in *Apprendi*, and is not a holding of the case. The decision goes on to state, "the relevant 'maximum' under *Apprendi* is found on the face of the statute rather than in the Sentencing Guidelines." *Id*.

6

at 201.  Petitioner was found guilty under 21 U.S.C. § 841.  That statute prescribes the penalty for an offense involving an unspecified amount of a controlled substance in schedule I as "a term of imprisonment of not more than 20 years[.]"  21 U.S.C. § 841(b)(1)(C).  Heroin is a schedule I substance.  21 C.F.R. § 1308.11.  Therefore, because Petitioner's sentence was less than 20 years, which is the statutory maximum sentence for an unspecified quantity of heroin, there was no error in his sentence.  *See United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001) (en banc).

This court exercised discretion in adjusting upward within the Sentencing Guidelines, but that conduct did not offend *Apprendi* as the final sentence did not exceed the 20-year statutory maximum.  At the time of sentencing, it was a well established principle that "the current practice of judicial factfinding under the Guidelines is not subject to the *Apprendi* requirements–at least so long as that factfinding does not enhance a defendant's sentence beyond the maximum term specified in the substantive statute."  *Kinter*, 235 F.3d at 201.  Raising *Apprendi* would not have forced the sentence to be reduced, as this court was within its discretion to conduct factfinding under the Guidelines.  Therefore, Petitioner has not demonstrated that Mr. Tuminelli's failure to raise *Apprendi* at sentencing prejudiced him in any manner.

Petitioner's premise for alleging ineffective counsel, that raising *Apprendi* would have been prudent in attempting to reduce

his sentence, is incorrect because *Apprendi* was not violated in this case.  Therefore, Petitioner has not met his burden of overcoming the assumption that "under the circumstances, the challenged action [of counsel] might be considered sound trial strategy."  *Strickland*, 466 U.S. at 690 (internal quotation omitted).  Because he has not demonstrated either that Mr. Tuminelli's conduct was deficient, or that he was prejudiced, Petitioner's *Strickland* assertion fails.

**IV. Conclusion**

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (paper 83) will be denied.  A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
